**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **QUICK PLUG, B.V.**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **INTERNATIONAL HORTICULTURAL TECHNOLOGIES, LLC**, *et al.*, <br><br> Defendants. | Case No.: 13-CV-3825 YGR <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION; ORDER TO SHOW CAUSE** |

For the reasons stated on the record during the motion hearing held on the Court's 2:00 p.m. calendar on Tuesday, October 8, 2013:

- Plaintiffs' Amended Motion for Preliminary Injunction (Dkt. No. 29[1]) is **DENIED**;
- Plaintiffs' Objections to Defendants' Evidence (Dkt. No. 56) are **OVERRULED**[2]; and
- Plaintiffs' Motions to Seal (Dkt. Nos. 10, 25, 51) are **GRANTED**.

The declaratory relief sought in Plaintiffs' Complaint centers on preventing an already-commenced arbitration from progressing to a determination of the merits, alleging a risk that the arbitrator will make rulings adverse to Plaintiffs. *See* Dkt. No. 1 (Complaint) ¶¶ 36-58. The parties stipulated to, and the Court ordered, a stay of the arbitration during the pendency of the subject

---

[1] Plaintiffs' initial Motion was filed as Docket No. 14, which shall be terminated administratively.

[2] "Any evidentiary and procedural objections to the opposition must be contained within the reply brief or memorandum." Civ. L.R. 7-3(c). Further, the Court may give weight to inadmissible evidence during preliminary injunction proceedings, including by making credibility determinations, *e.g.*, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, 2011 WL 7036077, at *3 (N.D. Cal. Dec. 2, 2011), hence Plaintiffs' evidentiary objections are moot.

Motion. Dkt. No. 34. The stay is now lifted, as the Court's Order provided that if the Court were to deny Plaintiffs' Motion, "the Arbitration may immediately resume." *Id.* ¶ 7.

In light of the nature of relief requested in Plaintiffs' Complaint, the parties' stipulation, and the Court's October 7 ruling, the Complaint appears to be moot. Accordingly, the parties are hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed or, in the alternative, stayed until arbitration concludes. The parties need not confine their arguments to the issue of mootness, but may address any material issue. Plaintiffs shall file a brief of not more than seven pages, exclusive of supportive exhibits, no later than October 23, 2013.[3] Defendants may file a brief of not more than five pages, exclusive of exhibits, no later than October 30, 2013. No replies are permitted and the matter shall be submitted on the papers.

This Order terminates Docket Nos. 10, 14, 29, and 51.

**IT IS SO ORDERED**.

Date: October 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] In the alternative, if Plaintiffs determine that dismissal is warranted by law or otherwise appropriate, they may file a notice of voluntary dismissal and the Order to Show Cause shall be discharged without further proceedings.

2